IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:13-CR-3104 |
| vs. | ORDER |
| JOSEPH H. RONQUILLO, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to appoint counsel (filing 70). The defendant's motion will be denied.

The defendant's motion asks for counsel to be appointed to pursue relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Specifically, he wants counsel to file a motion "regarding 'stacking' on charges" under 18 U.S.C. § 924(c). Filing 70 at 1. But the First Step Act provisions relating to "stacking" offer no help to the defendant.

The defendant was convicted of one count of possession with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841, and one count of possession of a pistol in furtherance of a drug trafficking crime, in violation of § 924(c).[1] Filing 58 at 1. He was sentenced to two consecutive terms of 6 years' imprisonment. Filing 58 at 2.

Section 924(c) establishes a separate offense for using or carrying a firearm in furtherance of a drug trafficking crime or crime of violence, with a

---

[1] The Court notes that because the defendant possessed a firearm in furtherance of a drug trafficking crime, and not a crime of violence, the Supreme Court's recent decision in *United States v. Davis*, No. 18-431, 2019 WL 2570623 (U.S. 2019), regarding the constitutionality of § 924(c)(3)(B), does not apply to him.

sentence of 5 to 30 years' imprisonment for a first offense (depending on the type of firearm and whether the firearm was merely possessed, or was also brandished or discharged). § 924(c)(1). Section 924(c)(1)(C) also provides that for a second or subsequent offense, a defendant shall be sentenced to a term of 25 years' to life imprisonment (depending on the type of firearm).

But before the First Step Act, it was possible for a defendant to be convicted of a first and second offense under § 924(c) at the same time. *See Deal v. United States*, 508 U.S. 129 (1993); *see generally* Charles Doyle, Cong. Research Serv., R41412, Federal Mandatory Minimum Sentencing: The 18 U.S.C. 924(c) Tack-On in Cases Involving Drugs or Violence 9 (2015). Section 403 of the First Step Act, however, amended § 924(c) to eliminate that "stacking," by providing that the enhanced penalty for a second offense applies only when a prior conviction under § 924(c) has become final. § 403(a), 132 Stat. 5194; *see Davis*, 2019 WL 2570623, at *3 n.1; *see generally* Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 9 (2019).

That amendment does not help the defendant for two reasons. First, the defendant wasn't convicted of a second or subsequent violation of § 924(c). Rather, he was convicted of a first offense—and that's not the sort of "stacking" that the First Step Act did away with. And second, even if the defendant's convictions had been "stacked," § 403 was not given retroactive effect—that is, the First Step Act expressly provides that the amendments made by § 403 only apply "if a sentence for the offense has not been imposed" at the time the First Step Act was enacted. § 403(b), 132 Stat. 5194. And, of course, the defendant was sentenced well before then.[2] *See* filing 58.

---

[2] As an aside, the Court also notes that even the sections of the First Step Act that *were* given retroactive effect only apply to offenses committed before the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) took effect—that is, those "committed before

There is no constitutional right to appointed counsel in sentence modification proceedings. *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). Nor does the defendant have a right to appointed counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. *Harris*, 568 F.3d at 669. Whether to appoint counsel is, therefore, committed to the discretion of the Court. *See id.* The Court declines to appoint counsel in this case because the defendant's basis for filing a motion under the First Step Act would be without merit.

IT IS ORDERED that the defendant's motion to appoint counsel (filing 70) is denied.

Dated this 8th day of July, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

---

August 3, 2010." § 404(a), 132 Stat. 5194. The defendant, however, was sentenced in 2013 for an offense committed on July 23, 2013. Filing 1; filing 53.